GREEN–SHRIER CO. v. STATE REALTY & MORTGAGE CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

VENDOR AND PURCHASER (§ 82*)—CONTRACT—MODIFICATION—CONSIDERATION.

At the time provided for closing a contract of sale the vendor tendered a valid title, but at the vendee's request a written agreement was made extending the time, and providing that, if the title would not be insured by a specified insurance company, then the deposit made, with interest to such adjourned date, should be repaid to the vendee, with costs for the examination of title and the making of surveys. *Held,* that such modified agreement was without consideration and unenforceable.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 139; Dec. Dig. § 82.*]

Hooker and Rich, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by the Green-Shrier Company against the State Realty & Mortgage Company. Judgment for plaintiff, and defendant appeals. Reversed.

The agreement on which judgment was given was signed by both plaintiff and defendant, and is as follows:

"The time for closing title to the premises in the within contract is hereby adjourned to October 24, 1907, at 1 o'clock p. m., at the office of State Realty & Mortgage Company, 11 Pine street, New York City, closing to be as of Oct. 24, 1907. In the event, however, title to said premises will not be insured by the Title Insurance Company of New York, then in that event the deposit paid hereon together with interest thereon from date of payment of same at the rate of 6% to Oct. 24, 1907, be paid the vendee, together with any costs of the Title Insurance Company of New York for the examination of title and making survey."

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

David B. Ogden, for appellant.
Charles C. Suffern, for respondent.

GAYNOR, J. The action is to recover of the vendor the amount paid by the vendee on a contract of purchase of real estate, and the expense of examining the title, and the plaintiff has judgment. The complaint alleges that the defendant was unable to convey a good title, that the deed day was several times adjourned to enable it to perfect its title, that the last time it was so adjourned under an agreement between the parties for a valuable consideration that if the Title Insurance Company of New York should not insure the title, the amount paid on the contract and the plaintiff's expense of examination should be paid by the defendant.

The trial court found and adjudged that the title was all the while good, but gave judgment for the plaintiff on the said agreement, which was in writing. There was no consideration to the defendant for the agreement. The adjournment was no consideration to the defendant, but the contrary. It tendered a good title and needed no adjournments. They were caused by the plaintiff and taken by mutual con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sent only to enable the plaintiff to satisfy itself further about the title. If the said agreement were mutual, viz., if the defendant was released from the obligation to convey, as well as the plaintiff from the obligation to take, if the title company would not insure, there would be reciprocal considerations; but it is not. It left the plaintiff free to enforce the contract of sale, if it chose to do so, even if the title company should refuse to insure. That there was no other consideration is conceded.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur, except HOOKER and RICH, JJ., who dissent.